In re Estate of Fred Zverina, Deceased.
John T. Dempsey, Administrator, Appellant, v. Alma Arado and Meta Holloway, Administrators, Appellees.

Gen. No. 42,735.

Opinion filed September 11, 1944.

LEVINSON, BECKER, PEEBLES & SWIREN, of Chicago, for appellant; DON M. PEEBLES, of Chicago, of counsel.

MCINERNEY & POWER, of Chicago, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The question for decision in this case is the right of the administrators appointed by the court of Indiana, of the estate of Fred Zverina, deceased, to have the court revoke the letters of administration issued to the public administrator of Cook county in the same estate.

The record discloses that Zverina, a resident of Indiana, died intestate in Ft. Wayne December 26,

1940. At the time of his death he owned a parcel of improved real estate located in Chicago and on April 8, 1942, John T. Dempsey, as public administrator, filed his petition in the Probate court of Cook county, asking that he be appointed administrator of the estate. Letters of administration were issued to him and three claims aggregating approximately $1,000, were filed and allowed, one by the undertaker and the others by two creditors of the 7th class. More than 3 months thereafter, July 17, 1942, Alma Arado and Meta Holloway, as administrators of the estate of Zverina, deceased, filed their verified petition in the Probate court of Cook county praying that the order appointing Dempsey as public administrator be vacated and set aside and that he be removed as administrator.

They alleged that Zverina died intestate December 26, 1940, at Ft. Wayne, Indiana; that January 4, 1941, letters of administration were issued to them by the Superior court of Allen county, Indiana; that they qualified and entered upon the discharge of their duties; that the assets of the estate in Indiana were nominal—not sufficient to pay the costs of administration and that claims were allowed against the estate amounting to $2,520; that the deceased at the time of his death owned real estate in Chicago, improved by a two-story brick building worth approximately $2,700; that the deceased did not leave any personal property in Cook county; that it became necessary for them to institute proceedings either in the Circuit court or Probate court of Cook county to sell the real estate to pay the costs of administration and the taxes of the estate pursuant to § 271 of the Probate Act of Illinois, (Ill. Rev. Stat. 1943, ch. 3, par. 425 [Jones Ill. Stats. Ann. 110.522]); that while they were preparing to sell the Chicago real estate Dempsey filed his petition in which, among other things, he averred that Zverina, at the time of his death, was a resident of Chicago

temporarily visiting in Ft. Wayne and that prior to his death he resided on the property in question.

The matter was heard in the Probate court, the prayer of the petition for the removal of Dempsey was denied and the administrators appealed to the Circuit court of Cook county.

In the Circuit court Dempsey filed his written motion to dismiss the petition, the administrators filed their answer and March 5, 1943, the order appealed from was entered. It recites that from stipulations entered by the parties, Zverina died intestate December 26, 1940, at Ft. Wayne, Indiana, and was an actual resident of that state; that he died not owning any personal property located in Cook county at the time of his death, but owned the piece of real estate above mentioned. Other facts are recited in the order in reference to the appointment of the administrators by the Indiana court and of Mr. Dempsey by the Probate court of Cook county, and the allowance of the 3 claims by the Probate court of Cook county, and it was ordered and adjudged that the letters of administration issued to Dempsey, as public administrator of Cook county, be revoked. Dempsey appeals.

Counsel for the Indiana administrators contend that under the statute the public administrator of Cook county is not authorized to ''act as administrator of estate of non-resident who dies without owning personal property in state,'' and § 166 of the Probate Act of Illinois [Ill. Rev. Stat. 1943, ch. 3, par. 318; Jones Ill. Stats. Ann. 110.415], is cited.

The material parts of that section are: ''Sec. 166. Protection of Estates by Public Administrator.) When a decedent dies intestate owning any personal estate in this State and there is no person in this State having a prior right to administer his estate, the public administrator of the county . . . where the personal estate is situated if the decedent was a non-resident . . . may take such measures as he deems

proper to protect and secure the personal estate from waste . . . until letters of administration of the *estate are issued to the person entitled thereto or until demand for the removal of the personal estate from this State is made by a non-resident administrator . . . pursuant to the authority granted by this Act.*" (Session Laws 1939, p. 44.) And the argument of counsel is that this section only refers to personal property; that no mention is made "of a non-resident of this State who dies owning real estate in Illinois and no authority is given to the public administrator to act in such a case." That prior to the effective date of the present Probate Act, January 1, 1940, section 47 of chapter 3, Ill. Rev. Stat. 1937 expressly authorized the public administrator to act when a non-resident died seized of real estate in this state who had no relative or creditor within this state who would administer the estate and that this section was repealed by the present act. Obviously § 166 does not apply to real estate but only to personal property.

Counsel for the public administrator contend that the appointment of Dempsey by the Probate court of Cook county is authorized by §§ 54, 94, 95, 96, 262, 271 and other sections of the present Probate Act [Ill. Rev. Stat. 1943, ch. 3, pars. 206, 246–248, 416, 425; Jones Ill. Stats. Ann. 110.303, 110.343–110.345, 110.513, 110.522].

Section 54 specifies the place of the administration of an estate to be in the Probate court in the county where the deceased's "mansion house" is, or if there is no mansion house, in the county in the last known place of residence and "(c) If he has neither a mansion house nor a known place of residence in this state, in the county wherein the greater portion of his real estate is located."

By section 94 it is provided that a person is not qualified to act as administrator of the estate of any decedent if he "is a non-resident of this state." Section 95 provides, among other things, where an estate

may be settled without administration, and section 96 specifies the persons who are entitled to preference in obtaining letters of administration. In the 7th class the public administrator is designated and in the 8th, creditors of the estate.

Section 262 provides under what conditions a non-resident administrator of a non-resident decedent may come into Illinois and collect and receive the personal estate belonging to the non-resident decedent, one of which is that he must make an affidavit that there are no creditors of the estate in Illinois. This section is limited to the personal estate of a non-resident decedent. By § 271 it is provided: ''When any person residing outside of this state is appointed . . . administrator of the estate of any decedent who at the time of his death owned real estate . . . within this state and letters . . . of administration have not been granted on the estate of the decedent in this state, the person so appointed may file his petition in the . . . probate court of the county in which the real estate or the greater part thereof may lie.'' It will be noted that by this section a non-resident administrator of a non-resident decedent is not authorized to take any action with reference to real estate owned by the decedent in Illinois, except where letters of administration have not been granted of the estate in this state. By § 274 of the Probate Act [Ill. Rev. Stat. 1943, ch. 3, par. 428; Jones Ill. Stats. Ann. 110.525] it is provided that if a non-resident administrator comes into Illinois before the appointment of an Illinois administrator, and petitions for leave to sell real estate of the non-resident decedent, his authority to act is limited and shall continue only until such time as a resident administrator is appointed. And upon motion the resident administrator shall be substituted as petitioner.

Upon a consideration of the applicable provisions of the Probate Act of this state we are of opinion that the appointment by the Probate court of Cook county of

the public administrator of Cook county was authorized and that the court erred in holding his appointment void.

The order of the Circuit court of Cook county appealed from is reversed and the matter remanded with directions for further proceedings in accordance with the views herein expressed.

*Reversed and remanded with directions.*

NIEMEYER, P. J., and MATCHETT, J., concur.